UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JASON L. EDOMONSON, <br><br> Plaintiff, <br> v. <br><br> MICHELLE HAESE, MICHAEL RADTKE, ANGELO PANOS, DANIEL LAVOIE, KEVIN KALLAS, MARLENA LARSON, MICHAEL RIVERS, STEPHANIE HOVE, PAUL KEMPER, SARAH COOPER, and CHRISTOPHER STEVENS, <br><br> Defendants. | Case No. 23-CV-515-JPS <br><br> **ORDER** |

Plaintiff Jason L. Edmonson, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On July 21, 2023, Plaintiff filed a motion to voluntarily dismiss the case and a motion to receive a refund for the filing fee. ECF No. 6. Plaintiff has since filed an amended complaint, ECF No. 7, and a proposed second amended complaint, ECF No. 8.

The Court will deny Plaintiff's motion to return the filing fee. A plaintiff's obligation to pay the filing fee stems from the filing of the complaint itself. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). The obligation is not avoided because Plaintiff later chooses to voluntarily dismiss his case. Plaintiff indicates that if the Court denies his request to return the filing fee, then he wishes to withdraw his motion to voluntary dismiss and to proceed in this

case. ECF No. 6. As such, the Court will proceed to screen his second amended complaint, ECF No. 8, as the operative complaint.

1. **SCREENING THE COMPLAINT**

    1.1 **Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations[1]

Plaintiff alleges that the crowding conditions at GBCI cause doubled-celled inmates to be in their cells twenty-four hours a day, seven days a week, without adequate space, and with only forty-five minutes of out-of-cell recreation a week. ECF No. 8 at 4. The toilets flush only one time every five minutes or lock up for an hour, leaving feces and urine in the cells where inmates are forced to eat their meals. *Id.* Inmates at GBCI often miss their weekly recreational period or shower opportunities due to scheduled religious services or other passes. *Id.* at 5. As a result of the crowding, violence has increased concerning inmates' use of phone time. *Id.* The ventilation in the cell halls at GBCI is inadequate as it exposes inmates to the odor of environmental feces during the months the windows are closed. *Id.*

Inmates are provided unreasonable care for their serious dental needs by only pulling teeth that could otherwise be saved and by receiving cleanings and fillings approximately only once every three years. *Id.* at 6. Inmates are also provided unreasonable care for their serious mental health needs due to staff failing to communicate needs, inadequate facilities, the failure to keep records, departure from professional standards in treatment, and a lack of adequate and qualified staff. Inmates are also denied

---

[1] The Court notes that Plaintiff's handwriting is at times very difficult to read. The Court has used its best efforts to reiterate Plaintiff's allegations.

meaningful law library access needed to prosecute their criminal appeals and civil actions. *Id.* Plaintiff has been subjected to these overcrowding conditions since he arrived at GBCI in September 2021. *Id.*

### 1.3 Analysis

Here, Plaintiff's second amended complaint contains factual allegations of conditions at GBCI that could likely state a claim. However, the Court is obliged to dismiss that complaint, with leave to amend, because Plaintiff has failed to identify any facts showing the named defendants' personal involvement. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Here, Plaintiff generally alleges that Defendants were responsible for overseeing various aspects of GBCI or the Department of Corrections, however, he has not alleged any specific personal involvement or that any defendants had actual knowledge of the alleged conditions. As such, the Court will dismiss the second amended complaint with leave to amend for Plaintiff to provide specific factual allegations against the named defendants.

Plaintiff may file a third amended complaint on or before **December 13, 2023.** When writing that amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did

each person violate his rights? Plaintiff's third amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court also cautions Plaintiff of his obligation to comply with Federal Rules of Civil Procedure 18 and 20 when amending his complaint. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his third amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the third amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." That amended complaint supersedes the prior complaints and must be complete in itself without reference to the original complaint. *See*

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the third amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

### 2. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to voluntarily dismiss case and to return the filing fee, ECF No. 6, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the second complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file a third amended complaint that complies with the instructions in this Order on or before **December 13, 2023**. If Plaintiff files a third amended complaint by the deadline, the Court will screen that amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file a third amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his second amended complaint and will issue him a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.