# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON L. EDMONSON,

               Plaintiff,

v.

MICHELLE HAESE, MICHAEL RADTKE, ANGELO PANOS, DANIEL LAVOIE, KEVIN KALLAS, MARLENA LARSON, MICHAEL RIVERS, STEPHANIE HOVE, PAUL KEMPER, SARAH COOPER, and CHRISTOPHER STEVENS,

               Defendants.

Case No. 23-CV-515-JPS

**ORDER**

      Plaintiff Jason L. Edmonson, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On November 22, 2023, the Court screened Plaintiff's second amended complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 9. On December 11, 2023, Plaintiff filed a third amended complaint. ECF No. 10. The remainder of this Order screens Plaintiff's third amended complaint.

1.     **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS[1]

Plaintiff's allegations in the third amended complaint do not meaningfully change his factual allegations from his last pleading. *See* ECF Nos. 8, 10. Plaintiff alleges that the crowding conditions at GBCI cause doubled-celled inmates to be in their cells twenty-four hours a day, seven days a week, without adequate space, and with only forty-five minutes of out-of-cell recreation a week. ECF No. 10 at 4. The toilets flush only one time every five minutes or lock up for an hour, leaving feces and urine in the cells where inmates are forced to eat their meals. *Id.* Inmates at GBCI often miss their weekly recreational period or shower opportunities due to scheduled religious services or other passes. *Id.* at 5. As a result of the crowding, violence has increased concerning inmates' use of phone time. *Id.* The ventilation in the cell halls at GBCI is inadequate as it exposes inmates to the odor of environmental feces during the months the windows are closed. *Id.*

Inmates are provided unreasonable care for their serious dental needs by only pulling teeth that could otherwise be saved and by receiving cleanings and fillings approximately only once every three years. *Id.* at 6. Inmates are also provided unreasonable care for their serious mental health needs due to staff failing to communicate needs, inadequate facilities, the failure to keep records, departure from professional standards in treatment, and a lack of adequate and qualified staff. Inmates are also denied meaningful law library access needed to prosecute their criminal appeals

---

[1] The Court notes that Plaintiff's handwriting is at times difficult to read. The Court has used its best efforts to reiterate Plaintiff's allegations.

and civil actions. *Id.* Plaintiff has been subjected to these overcrowding conditions since he arrived at GBCI in September 2021. *Id.*

## 3. ANALYSIS

As mentioned above, Plaintiff failed to make meaningful changes to his factual allegations after receiving the Court's guidance in the prior screening order. For completeness, the Court reiterates the analysis from the prior screening and finds that the third amended complaint fails to state a claim upon which relief may be granted.

Plaintiff's third amended complaint contains factual allegations of conditions at GBCI that could state a claim. However, the Court is obliged to dismiss the complaint because Plaintiff has failed to identify any facts showing the named defendants' personal involvement. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Here, Plaintiff generally alleges that Defendants were responsible for overseeing various aspects of GBCI or the Department of Corrections, however, he has not alleged any specific personal involvement or that any defendants had actual knowledge of the alleged conditions. As such, the Court finds that Plaintiff fails to state a claim upon which relief may be granted.

## 4. CONCLUSION

In sum, the Court finds that the third amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already

provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and he failed to amend his factual allegations in any meaningful way. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.